UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
**CENTER FOR IMMIGRATION STUDIES**     )
                                       )
      **Plaintiff**                 )
                                       )   Civil Action No. _____
      v.                            )
                                       )
**RICHARD COHEN and HEIDI BEIRICH**    )
                                       )
      **Defendants**                )
_____ )


## COMPLAINT

Plaintiff Center for Immigration Studies, by undersigned counsel, hereby asserts its Complaint against Defendants Richard Cohen and Heidi Beirich as follows:

## INTRODUCTION

1. This is a civil RICO lawsuit by Center for Immigration Studies ("Plaintiff" or "CIS") against two individuals who operate the Southern Poverty Law Center ("SPLC") and have used it to harm CIS by falsely designating it as a "hate group."

2. CIS seeks money damages and an injunction to bar the defendants from further racketeering activity.

## PARTIES, JURISDICTION, AND VENUE

3. CIS is a nonprofit corporation incorporated in the District of Columbia. CIS has been recognized as a tax-exempt educational organization under §501(c)(3) of the Internal Revenue Code.

4. The defendants are individuals and citizens of Alabama and Georgia respectively.

5. The Court has jurisdiction of the case as a federal question pursuant to 28 U.S.C. §1332 as it arises from RICO's civil damages provision, 18 U.S.C. §1964(c).[1]

6. Venue is proper here as the RICO violations were intended to cause damage to CIS in this district and did so.

**FACTS**

<u>The Defendants Have Been Engaged In An Ongoing Conspiracy To Harm CIS By Falsely Designating It A Hate Group</u>

7. SPLC is a law firm and advocacy organization with its headquarters in Montgomery, Alabama.

8. At all relevant times, Defendant Beirich has led SPLC's Intelligence Project, which published the "Hatewatch" blog discussed below.

9. At all relevant times, Defendant Cohen collaborates with Beirich in designating hate groups and in all of the offensive statements against CIS.

10. At all relevant times, Defendant Cohen has served as the President of SPLC. He oversees Defendant Beirich's activities and approved of the designation of CIS as a hate group and the offensive statements made about it.

11. According to its website, SPLC is engaged in "monitoring the activities of domestic hate groups and other extremists," as well as publishing "investigative reports" and offering "expert analysis" on these groups.

---

[1] The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§1961-1968. Citations to the statute will omit reference to Title 18 of the U.S. Code.

12. According to the former Editor in Chief of the SPLC's Intelligence Report SPLC is "not trying to change anybody's mind" about the organizations it designates as hate groups but is instead "trying to wreck the groups… and destroy them."

13. SPLC designated CIS as a "hate group" in 2016.  The decision to designate CIS as a hate group was made by Defendant Beirich, who oversees SPLC's Hatewatch Blog, in collaboration with Defendant Cohen, President of SPLC, who is involved in the hate group designations.

14. SPLC defines a "hate group" as "an organization that – based on its official statements or principles, the statements of its leaders, or its activities – has beliefs or practices that attack or malign an entire class of people, typically for their immutable characteristics." [https://www.splcenter.org/20171004/frequently-asked-questions-about-hate-groups#hate%20group](https://www.splcenter.org/20171004/frequently-asked-questions-about-hate-groups#hate%20group)  (accessed January 15, 2019).

15. As the Supreme Court has recognized, being an illegal, unauthorized, or undocumented immigrant is not an "immutable characteristic" since "it is the product of a conscious, indeed unlawful, action."[2]  And being a legal immigrant is similarly the result of a personal choice.  Thus, SPLC has not even articulated a basis for designating CIS or any organization a hate group based upon its views on immigration policy.

16. Even if being an immigrant were an "immutable characteristic" the "official statement or principles" of CIS do not indicate "beliefs or practices" that "attack or malign" immigrants as a "class."  As posted on the CIS website, the mission of CIS is "providing

---

[2] *Plyler v. Doe*, 487 U.S. 202, 220 (1982).

immigration policy makers, the academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security and fiscal consequences of legal and illegal immigration into the United States." https://www.cis.org/About-Center-Immigration-Studies.  Moreover, CIS's motto, as stated on the homepage of its website, is "Pro immigrant, low immigration," reflecting its belief that the level of immigration should be lower—but not zero, *i.e.*, some level of immigration is in the national interest.

17. The SPLC has produced no evidence that the "statements" of CIS "leaders" or "activities" of CIS reveal "beliefs or practices" that "malign or attack" immigrants as a class.  The information that is provided by CIS on the consequences of immigration is ordinarily based on official federal government statistics.  To the extent information provided by CIS supports reductions in legal or illegal immigration, such reductions are consistent with the recommendations of the bipartisan Commission on Immigration Reform appointed by President Bill Clinton and headed by civil rights leader and former Congresswoman Barbara Jordan.  Nobody has accused the Commission of being a hate group.

18. Accordingly, Beirich and Cohen decided to designate CIS as a hate group knowing CIS did not meet SPLC's aforementioned definition of a hate group.  They knew or should have known that being an immigrant is not an "immutable characteristic" and that even if it were, the "official statements" and "principals" of CIS, the "statements of its leaders," and its "activities" reveal no "beliefs or practices" that "attack or malign" immigrants as a class.

<u>The Ongoing Conspiracy Among Cohen and Beirich To Falsely Designate CIS A Hate Group Is Wire Fraud And Violates RICO</u>

19. To carry out this conspiracy, Cohen agreed that Beirich would create a designated category for CIS on its Hatewatch website pages and oversee an ongoing stream of obloquy reiterating that CIS was a hate group. These blog posts followed:

   a. October 2, 2017: "Center for Immigration Studies hypes chain migration to fit narrative";

   b. November 3, 2017: "Flyers targeting undocumented immigrants came from org with ties to racist architect of anti-immigrant movement";

   c. January 31, 2018: "Anti-immigrant groups decry Trump's 'amnesty' plan, but have pushed for many of its tenants for decades";

   d. February 9, 2018: "The anti-immigrant movement's dishonest portrayal of Barbara Jordan";

   e. February 14, 2018: "Jessica Vaughn, staffer with anti-immigrant hate group Center for Immigrant Studies (CIS), to testify in the House tomorrow";

   f. June 4, 2018: "US Immigration and Customs Enforcement acting director to speak at hate group even tomorrow";

   g. June 13, 2018: "Anti-immigrant roundup: 6/13/18";

   h. June 21, 2018: Stephen Miller: a driving force behind the Muslim ban and family separation policy";

   i. July 6, 2018: "Anti-immigrant roundup: 7/6/18";

   j. August 15, 2018: "Francis Cissna, head of USCIS, to address anti-immigrant hate group Center for Immigration Studies today";

   k. August 31, 2018: "ACT for America to again descend on nation's capital for annual anti-Muslim conference";

   l. October 1, 2018: "The Trump administration's 'public charge' policy is the latest of many that reflect the playbook of anti-immigrant hate groups"; and

    m. October 9, 2018: "ACT for America sets its sights on college campuses with upcoming speaking tour."

20. Each of these posts violated the wire fraud statute, 18 U.S.C. §1343, which states, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud… by means of false or fraudulent pretenses, representations…transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings… for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both….

21. In each instance CIS was identified as a hate group despite the Defendants' knowledge that CIS did not fit SPLC's "hategroup definition." The website was made accessible to readers in every state through the use of the interstate wires.

22. The Defendants' goal was to "wreck" and "destroy" CIS by ruining it financially.

<u>CIS Has Been Damaged By The Conspiracy To Falsely Call It A Hate Group</u>

23. In 2018, the AmazonSmile Program, a method for Amazon customers to donate money to any non-profit organization a customer wishes to support, terminated CIS's account because of SPLC's hate group designation, which it learned of from the SPLC website.

24. This has cost CIS at least $10,000 in donations to date and damages are ongoing. They will not be stopped without an injunction against the Defendants.

25. In 2018 GuideStar USA Inc. an information service specializing in reporting on nonprofit companies, listed on their CIS webpage that CIS had been designated by the SPLC as a

"hate group." After hearing from CIS and meeting with its representatives, GuideStar ultimately removed the SPLC designation from their CIS webpage. This effort involved a considerable diversion of resources from CIS' mission and likely deterred contributions.

## COUNT I: PLAINTIFF'S §1962(d) RICO CONSPIRACY CLAIM
## AGAINST THE DEFENDANTS

26. The preceding paragraphs are incorporated as though set forth below.

27. SPLC is a nonprofit corporation. It operates throughout the U.S. and has offices in Alabama, Florida, Louisiana, and Mississippi. It is therefore a RICO enterprise pursuant to 18 U.S.C. §1961(4).

28. The Defendants' scheme to falsely designate CIS a hate group and destroy it involves racketeering acts, violations of the federal wire fraud statute, 18 U.S.C. §1343, since October 2017. These attacks are ongoing and will continue. Thus, they constitute an open-ended pattern of racketeering required by 18 U.S.C. §1961(5). (Violations of §1343 are made acts of racketeering by 18 U.S.C. §1961(1)(B).)

29. The Defendants are each RICO persons pursuant to §1961(3). They agreed to commit and committed the pattern of racketeering through SPLC enterprise.

30. As detailed herein, all the RICO violations were committed by the Defendants in their leadership roles in SPLC.

31. Therefore, the Defendants conspired to violate 18 U.S.C. §1962(c)[3] by agreeing to the commission of a pattern of racketeering activity through the enterprise described above,

---

[3] Section 1962(c) states, in pertinent part:

in violation of 18 U.S.C. §1962(d).  Section 1962(d) states, in pertinent part: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection…(c) of this section."

32. Accordingly, CIS demands judgment be entered against the Defendants pursuant to 18 U.S.C. §1964(c), for three times its damages, plus attorney's fees, costs and pre-judgment interest.

33. CIS also asks for an injunction prohibiting Defendants from again calling CIS a hate group and requiring Defendants to state on the SPLC website that CIS is not a hate group, pursuant to 18 U.S. C. §1964(a).

34. CIS demands a jury trial.


Dated: January 16, 2019

/s/ Julie B. Axelrod
Julie B. Axelrod
D.C. Bar No. 1001557
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
(703) 888-2442
Fax: (202) 466-8076
jba@cis.org

Howard Foster, *pro hac vice application forthcoming*
Matthew Galin, *pro hac vice application forthcoming*

---

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…

Foster PC
150 N. Wacker Dr.
Suite 2150
Chicago, IL 60606
(312)726-1600
hfoster@fosterpc.com


*Attorneys for Plaintiff CIS*