**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br><br>           Plaintiff,<br><br>v.<br><br>RICHARD COHEN and HEIDI BEIRICH,<br><br>           Defendants. | Case No. 1:19-cv-00087-ABJ |

## **DEFENDANTS' MOTION FOR SANCTIONS**

Defendants Richard Cohen and Heidi Beirich (together, "SPLC defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 11(c)(2), hereby move for sanctions against Plaintiff Center for Immigration Studies ("CIS") for filing the Complaint in this action, which is frivolous as a matter of law and brought for the express purpose of seeking to censor constitutionally protected speech and compel speech preferred by CIS.

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, the SPLC Defendants served this motion and accompanying Memorandum of Law on CIS on February 21, 2019. As 21 days has passed without the withdrawal of the Complaint by CIS, the SPLC Defendants hereby file this motion with the Court.

In support of this motion, the SPLC defendants rely on the accompanying Memorandum of Law, any reply memorandum filed in support thereof, and any oral argument thereon. For the reasons set forth more fully in the accompanying Memorandum of Law, the SPLC defendants respectfully request that the Court grant their motion and award them sanctions in the amount of

the reasonable attorneys' fees and expenses incurred in defending this action as well as any further sanctions on CIS that the Court finds will deter similar conduct in the future.

Dated:  March 19, 2019                     Respectfully submitted,

                                            BALLARD SPAHR LLP

                                            _____/s/ Chad R. Bowman_____
                                            Chad R. Bowman (D.C. Bar No. 484150)
                                            Dana R. Green (D.C. Bar No. 1005174)
                                            1909 K Street, NW, 12th Floor
                                            Washington, DC 20006
                                            Telephone: (202) 661-2200
                                            Fax: (202) 661-2299
                                            bowmanchad@ballardspahr.com
                                            greendana@ballardspahr.com

                                            *Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br><br>  Plaintiff,<br><br>v.<br><br>RICHARD COHEN and HEIDI BEIRICH,<br><br>  Defendants. | Case No. 1:19-cv-00087-ABJ |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

BALLARD SPAHR LLP

Chad R. Bowman (D.C. Bar No. 484150)
Dana R. Green (D.C. Bar No. 1005174)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
greendana@ballardspahr.com

*Counsel for Defendants*

Date: March 19, 2019

**PRELIMINARY STATEMENT**

Plaintiff the Center for Immigration Studies ("CIS") filed the Complaint in this action on January 16, 2019, claiming that Defendants Richard Cohen, the President of the Southern Poverty Law Center ("SPLC"), and Heidi Beirich, the director of SPLC's Intelligence Project, conspired against CIS in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Complaint, ECF Dkt. 2 ("Compl."). The sole allegation is that these defendants carried out a scheme to exercise SPLC's First Amendment right to express an opinion with which CIS disagrees—specifically, "to falsely designate CIS a hate group." *Id.* ¶ 28. The Complaint seeks not only treble damages and an award of attorneys' fees and costs, but also "an injunction prohibiting Defendants from again calling CIS a hate group and requiring Defendants to state on the SPLC website that CIS is not a hate group." *Id.* ¶¶ 32-33.

On February 12, 2019, Defendants moved to dismiss CIS's Complaint with prejudice pursuant to Rule 12(b)(6). As Defendants demonstrated in their memorandum in support of that motion, CIS's claim fails as a matter of law.[1] Both the RICO Act itself and a long line of authority—including controlling authority in the D.C. Circuit—make clear that alleged defamation is simply *not* a predicate act that can support a RICO claim. *Hourani v. Mirtchev*, 796 F.3d 1, 10 n.3 (D.C. Cir. 2015); *see also* Mem. at 9-14. Moreover, the particular statements that CIS challenges in this action are wholly insulated from liability by the First Amendment because they are either nonactionable expressions of pure opinion or constitutionally protected statements of opinion based on disclosed facts. *See* Mem. at 15-19.

---

[1] Defendants' memorandum of law in support of their motion to dismiss under Rule 12(b)(6), dated Feb. 12, 2019, Dkt. No. 11, will be cited herein as "Mem. __."

The controlling case law is so clear that CIS's claim is not merely meritless, but legally frivolous. *See generally* Mem. Further, CIS filed its complaint with the stated aim of infringing on the First Amendment rights of a nonprofit organization that tracks hate groups: The Complaint seeks an injunction prohibiting defendants (and, presumably, non-defendant SPLC) from characterizing CIS as a hate group in the future, and compelling a statement "that CIS is not a hate group." Compl. ¶ 33. But "prior restraints" on political speech and orders compelling speakers to assert the views of others are both presumptively unconstitutional. *See, e.g.*, *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 562 (1976) (prior restraints are one of "the most serious and the least tolerable infringement on First Amendment rights"); *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 256-58 (1974) (rejecting as unconstitutional statutory requirement for newspapers to publish replies by candidates). Although either ground alone would warrant Rule 11 sanctions, they are particularly necessary here where the Complaint is both legally frivolous and where it seeks to vindicate an improper purpose.

Because CIS has failed to withdraw its Complaint voluntarily within 21 days of service of a draft of this motion and supporting memorandum pursuant to Rule 11(c)(2), and for the reasons set forth below, this Court should order CIS to repay Defendants the reasonable attorneys' fees they have been forced to incur in this matter, and impose any other sanctions on CIS that the Court finds will deter similar conduct in the future.

## ARGUMENT[2]

Rule 11 provides that "[b]y presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

---

[2] For the relevant facts and procedural history of this matter, Defendants respectfully direct the Court to their Rule 12(b)(6) Memo, which is incorporated fully herein by reference.

reasonable under the circumstances . . . the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Courts "may impose an appropriate sanction on any attorney, law firm, or party that violated [this] rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). When a party moves for sanctions under Rule 11, and where it is "warranted for effective deterrence," a court may "direct[] payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

The current version of Rule 11 "includes a safe harbor provision, which requires that the motion first be served on the non-movant to allow that party to withdraw the challenged allegation or assertion." *Swanson v. Howard Univ.*, 249 F. Supp. 3d 259, 266 (D.D.C. 2017). As such, a motion for sanctions must be served on the party against whom sanctions are sought and cannot "be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). Here, Defendants served a copy of this motion and memorandum on CIS on February 21, 2019. *See* Declaration of Chad R. Bowman (Bowman Decl.") ¶ 3 & Exhibit A. Counsel for CIS confirmed receipt, but has declined to withdraw the Complaint. *Id.* ¶¶ 4-6. Because CIS has not withdrawn its Complaint within 21 days, this motion for sanctions is timely.

Rule 11 applies to every federal litigant in every civil action, and serves "to deter baseless filings" of all kinds. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). However, "Rule 11's deterrence value is *particularly* important" in the context of RICO claims like the one CIS has brought here, and courts thus "have on numerous occasions imposed Rule 11 sanctions based upon the filing of a frivolous RICO action." *Katzman v. Victoria's Secret Catalogue*, 167

F.R.D. 649, 660 (S.D.N.Y. 1996) (emphasis added), *aff'd*, 113 F.3d 1229 (2d Cir. 1997); *Barlow v. McLeod*, 666 F. Supp. 222, 230 (D.D.C. 1986) (noting "ample support for the imposition of Rule 11 sanctions, and for their use in the context of frivolous RICO claims"), *aff'd*, 861 F.2d 303 (D.C. Cir. 1988); *see also Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 685 (5th Cir. 1989) ("Given the . . . proliferation of civil RICO claims and the potential for frivolous suits in search of treble damages, greater responsibility will be placed on the bar to inquire into the factual and legal bases of potential claims or defenses prior to bringing such suit or risk sanctions for failing to do so." (citation omitted)); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991) ("[I]n cases alleging civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants.").

In *Creed Taylor, Inc. v. CBS, Inc.*, the court observed a quarter-century ago that it was "perilously close to violating Rule 11" for a plaintiff to attempt to construe alleged defamation as wire fraud to assert a RICO claim. 718 F. Supp. 1171, 1180 (S.D.N.Y. 1989). Whatever little doubt may once have existed on that proposition, today it is indisputable that CIS's attempt to dress up an infirm defamation claim as a RICO conspiracy amounts to sanctionable conduct.

## I. CIS'S RICO CLAIM HAS NO BASIS IN LAW

CIS claims that Defendants have conspired against it in violation of the RICO Act, 18 U.S.C. § 1961(d*).* It is well-established that *s*uch a claim requires a showing that substantive violations of the RICO Act have occurred – *i.e.*, there can be no RICO conspiracy without the commission of a predicate offense defined by the RICO Act as "racketeering." *Beck v. Prupis*, 529 U.S. 494, 505-06 (2000) (plaintiff must show injury from "an act that is independently wrongful under RICO"); *see also Greenpeace, Inc. v. Dow Chem. Co.*, 808 F. Supp. 2d 262, 268

(D.D.C. 2011) ("'Racketeering activity' requires the commission of specified predicate criminal acts that are defined by statute."); 18 U.S.C. § 1961(1) (listing criminal acts that constitute racketeering activity).

The alleged "predicate act" here is SPLC's publication of articles and reports describing CIS as an anti-immigrant "hate group." Compl. ¶¶ 19-20. CIS contends that these statements constitute wire fraud. *Id.* But wire fraud requires a showing of a scheme to defraud or obtain "money or property by means of false or fraudulent pretenses." *Id.* ¶ 20 (citing 18 U.S.C. § 1343). CIS does not even attempt to make that showing. Instead, CIS merely alleges that its reputation was harmed and that it lost donations. *Id.* ¶¶ 23-25. Thus, CIS's allegations "are—at best—thinly clothed defamation claims" rather than "predicate acts of . . . wire fraud." *Kimm v. Lee*, 2005 WL 89386, at *4 (S.D.N.Y. Jan. 13, 2005), *aff'd*, 196 F. App'x 14 (2d Cir. 2006).

The D.C. Circuit has expressly held that "defamation and conspiracy to defame . . . are not predicate acts of racketeering under RICO." *Hourani v*, 796 F.3d at 10 n.3. Courts nationwide have agreed universally on that point for more than 30 years and have held that alleged acts of defamation—or defamation characterized as wire fraud—cannot support a civil RICO claim as a matter of law. *See* Mem. at 11-12 (collecting cases).

Even apart from its fundamental flaw in attempting to recast a defamation claim as a RICO Act violation, the Complaint fails state a RICO Act claim for additional reasons as well, by failing adequately to plead a "pattern" of activity, each defendant's participation in the alleged RICO scheme, and direct harm and damages. *See id.* at 13 n.4. As this court has recognized, in considering sanctions in such a case, "[e]ven the most casual and cursory research shows that when a 'plaintiff alleges only a single scheme, a single injury, and few victims it is 'virtually impossible for plaintiffs to state a RICO claim'' for failure to meet the pattern of

racketeering requirement." *Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 99 (D.D.C. 2016) (quoting *W. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 634 (D.C. Cir. 2001) (citations omitted)), *aff'd*, 707 F. App'x 717 (D.C. Cir. 2017), *cert. denied*, 139 S. Ct. 187 (2018). Courts have found such failures to satisfy the statutory requirements of a RICO claim to be sanctionable. *Simpson v. Putnam Cty. Nat'l Bank of Carmel*, 112 F. Supp. 2d 284, 288 (S.D.N.Y. 2000) (citing cases).

Moreover, even if a civil RICO claim *could* arise out of statements that allegedly do no more than injure a plaintiff's reputation, and even if the Complaint *did* adequately allege the elements of a RICO claim—neither of which is true—the First Amendment would still protect the particular statements at issue in this case. The Complaint challenges SPLC's assertion that CIS is an anti-immigrant hate group. But this is, on its face, an expression of subjective "pure opinion" shielded from liability by the First Amendment, *see* Mem. at 15-16, or, at most, a constitutionally protected conclusion based on fully disclosed facts, *id.* at 16-19.

In sum, CIS has asserted a facially meritless civil RICO claim that is itself no more than a frivolous defamation case in disguise, and seeks the unconstitutional remedies of a prior restraint on SPLC's speech and to compel political speech. CIS's claim has no basis in law and should never have been brought. As relevant here, in light of Rule 11's safe harbor, it should have been withdrawn by CIS when offered the chance.

## II.     CIS SHOULD BE SANCTIONED UNDER RULE 11

"Rule 11 sanctions are harsh punishment intended for those who frustrate judicial proceedings. But while the rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy, any interpretation must give effect to the rule's central goal of deterrence." *Carswell v. Air Line Pilots Ass'n, Int'l*, 248 F.R.D. 325, 328 (D.D.C. 2008)

6

(internal marks, citations, and alterations omitted). "Hence, when the Rule 11 proceeding is commenced by motion filed by one of the parties, the courts have, without exception, held counsel to an objective standard of reasonableness." *Id.* (internal marks and citation omitted). This objective standard serves "to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Rule 11 Advisory Comm. Notes (1993 Amendments).

As shown above and in Defendants' Rule 12(b)(6) Memo, CIS's claim is frivolous on multiple grounds. Publishing statements that allegedly cause reputational injury does not amount to wire fraud; defamation claims cannot simply be pleaded as civil RICO counts; the RICO Act pleading themselves are insufficient to state a claim all apart from the lack of predicate acts; and the challenged characterization of CIS as an anti-immigrant hate group is a constitutionally protected expression of "pure opinion" or a statement of opinion based on disclosed facts. Thus, "[t]his case . . . offered no hope whatsoever of success," and "[b]y signing and filing a legally frivolous complaint, [plaintiff's counsel] violated at least Rule 11(b)(2)." *Hollister v. Soetoro*, 258 F.R.D. 1, 5 (D.D.C. 2009), *aff'd*, 368 F. App'x 154 (D.C. Cir. 2010).

Courts have "virtually untrammeled discretion in fixing the amount of sanctions to be imposed on the plaintiff and his counsel for their Rule 11 violations, provided that sanctions are appropriate to the facts of the case." *Carswell*, 248 F.R.D. at 330 (internal marks and citation omitted). For instance, the First Circuit has affirmed sanctions against plaintiff's counsel of nearly $35,000 in attorneys' fees under Rule 11 where plaintiff's claim was "hopeless." *McCarty v. Verizon New England, Inc.*, 674 F.3d 119, 124 (1st Cir. 2012). The Eighth Circuit affirmed sanctions against plaintiffs' counsel of more than $66,000 – half of defendants' attorneys' fees – where plaintiffs brought claims that "were clearly barred" by law. *Willhite v. Collins*, 459 F.3d 866, 868-69 (8th Cir. 2006). And the Fifth Circuit has affirmed sanctions of

more than $100,000, "representing reasonable attorneys' fees," where plaintiff brought claims that plainly were "frivolous." *Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 564-66 (5th Cir. 1990).

CIS should not have brought this action, and has now squandered the opportunity to withdraw its Complaint voluntarily. The Court should impose sanctions pursuant to Rule 11, both to compensate the SPLC Defendants for the legal expenses incurred in its defense and to deter such conduct in the future.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their motion and enter an order directing CIS to pay Defendants' reasonable attorneys' fees in this matter, and imposing any further sanctions on CIS that the Court determines are proper.

Dated: March 19, 2019

Respectfully submitted,

BALLARD SPAHR LLP

    */s/ Chad R. Bowman*
Chad R. Bowman (D.C. Bar No. 484150)
Dana R. Green (D.C. Bar No. 1005174)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
greendana@ballardspahr.com

*Counsel for Defendants*