**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR IMMIGRATION STUDIES,

       Plaintiff,

v.

RICHARD COHEN and HEIDI BEIRICH,

       Defendants.

Case No. 1:19-cv-00087-ABJ

**DECLARATION OF CHAD R. BOWMAN**
**IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**

I, Chad R. Bowman, declare as follows,

      1.      I am a partner in the Washington, D.C. office of Ballard Spahr LLP.  I am one of the attorneys representing Defendants Richard Cohen and Heidi Beirich, both of the Southern Poverty Law Center ("SPLC") (together, "Defendants"), in this matter.  I submit this declaration to put before the Court certain information and documents relevant to the Defendants' Motion for Sanctions under Rule 11(c)(2) of the Federal Rules of Civil Procedure.

      2.      Defendants filed a motion to dismiss in this case on February 12, 2019.  *See* Dkt. No. 11.  Briefing on that motion is now complete.

      3.      On February 21, 2019, Defendants formally requested that the Plaintiff, the Center for Immigration Studies ("CIS"), withdraw its meritless claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Pursuant to the "safe harbor provision" of Rule 11, *Swanson v. Howard Univ.*, 249 F. Supp. 3d 259, 266 (D.D.C. 2017), I served that

request by First-Class mail and attached a draft motion under Rule 11.  Attached hereto as

Exhibit A is a true and correct copy of that correspondence.

4.      Following the completion of briefing on the motion to dismiss, counsel for CIS on

March 11, 2019 responded to the February 21, 2019 safe harbor correspondence.  Attached

hereto as Exhibit B is a true and correct copy of that response.

5.      On March 14, 2019, Defendants reiterated their view that the briefing has

demonstrated that the RICO claims asserted in the Complaint lack any colorable basis in law,

and repeated their request that the Complaint be withdrawn.  Attached hereto as Exhibit C is a

true and correct copy of that correspondence.

6.      More than 21 days, plus three days for mail service, has now passed since the

February 21, 2019 safe harbor correspondence was served.  As of this filing, CIS has not

withdrawn the Complaint.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief.

Executed this 19th day of March 2019 in Washington, D.C.


                                          _/s/ Chad R. Bowman_____
                                          Chad R. Bowman

# Exhibit A

# Ballard Spahr
### LLP

- - - - - - - - - - - - - - - - - - - -
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Chad R. Bowman
Tel: 202.508.1120
Fax: 202.661.2299
bowmanchad@ballardspahr.com

Dana R. Green
Tel: 202.508.1108
Fax: 202.661.2299
greendana@ballardspahr.com

February 21, 2019

**Via First-Class Mail and E-Mail**

G. Robert Blakey
7002 East San Miguel Avenue
Paradise Valley, AZ 85253
Email: Blakey.1@nd.edu

Howard W. Foster
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606
Email: hfoster@fosterpc.com

Julie B. Axelrod
CENTER FOR IMMIGRATION STUDIES
1629 K Street, NW, Suite 600
Washington, DC 20006
Email: jba@cis.org

Matthew Galin
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606
Email: mgalin@fosterpc.com

Re:   *CENTER FOR IMMIGRATION STUDIES v. COHEN et al*
      Case No. 1:19-cv-00087-ABJ (D.D.C.)

Dear Counsel:

Enclosed for service in the referenced matter please find a draft sanctions motion pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure.  Defendants reserve the right to file a final version of this motion with the Court in 21 days if the complaint is not withdrawn.

Regards,

*Chad R. Bow*

Chad R. Bowman
Dana R. Green

Attachments

**DRAFT SERVED ON PLAINTIFF PURSUANT TO FED. R. CIV. P. 11(C)(2)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-00087-ABJ |
| RICHARD COHEN and HEIDI BEIRICH, | |
| Defendants. | |

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants Richard Cohen and Heidi Beirich (together, "SPLC defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 11(c)(2), hereby move for sanctions against Plaintiff Center for Immigration Studies ("CIS") for filing the Complaint in this action, which is frivolous as a matter of law and brought for the express purpose of seeking to censor constitutionally protected speech and compel speech preferred by CIS.

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, the SPLC Defendants served this motion and accompanying Memorandum of Law on CIS on February 21, 2019. As 21 days has passed without the withdrawal of the Complaint by CIS, the SPLC Defendants hereby file this motion with the Court.

In support of this motion, the SPLC defendants rely on the accompanying Memorandum of Law, any reply memorandum filed in support thereof, and any oral argument thereon. For the reasons set forth more fully in the accompanying Memorandum of Law, the SPLC defendants respectfully request that the Court grant their motion and award them sanctions in the amount of

the reasonable attorneys' fees and expenses incurred in defending this action as well as any

further sanctions on CIS that the Court finds will deter similar conduct in the future.


Dated:  March __, 2019                         Respectfully submitted,

                                               BALLARD SPAHR LLP

                                               _____**DRAFT**_____
                                               Chad R. Bowman (D.C. Bar No. 484150)
                                               Dana R. Green (D.C. Bar No. 1005174)
                                               1909 K Street, NW, 12th Floor
                                               Washington, DC 20006
                                               Telephone: (202) 661-2200
                                               Fax: (202) 661-2299
                                               bowmanchad@ballardspahr.com
                                               greendana@ballardspahr.com

                                               *Counsel for Defendants*

**DRAFT SERVED ON PLAINTIFF PURSUANT TO FED. R. CIV. P. 11(C)(2)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,

      Plaintiff,

v.

RICHARD COHEN and HEIDI BEIRICH,

      Defendants.

Case No. 1:19-cv-00087-ABJ

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

BALLARD SPAHR LLP

Chad R. Bowman (D.C. Bar No. 484150)
Dana R. Green (D.C. Bar No. 1005174)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
greendana@ballardspahr.com

*Counsel for Defendants*

Date: March __, 2019

i

**DRAFT SERVED ON PLAINTIFF PURSUANT TO FED. R. CIV. P. 11(C)(2)**

## PRELIMINARY STATEMENT

Plaintiff the Center for Immigration Studies ("CIS") filed the Complaint in this action on January 16, 2019, claiming that Defendants Richard Cohen, the President of the Southern Poverty Law Center ("SPLC"), and Heidi Beirich, the director of SPLC's Intelligence Project, conspired against CIS in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Complaint, ECF Dkt. 2 ("Compl."). The sole allegation is that these defendants carried out a scheme to exercise SPLC's First Amendment right to express an opinion with which CIS disagrees—specifically, "to falsely designate CIS a hate group." *Id.* ¶ 28. The Complaint seeks not only treble damages and an award of attorneys' fees and costs, but also "an injunction prohibiting Defendants from again calling CIS a hate group and requiring Defendants to state on the SPLC website that CIS is not a hate group." *Id.* ¶¶ 32-33.

On February 12, 2019, Defendants moved to dismiss CIS's Complaint with prejudice pursuant to Rule 12(b)(6). As Defendants demonstrated in their memorandum in support of that motion, CIS's claim fails as a matter of law.[1] Both the RICO Act itself and a long line of authority—including controlling authority in the D.C. Circuit—make clear that alleged defamation is simply *not* a predicate act that can support a RICO claim. *Hourani v. Mirtchev*, 796 F.3d 1, 10 n.3 (D.C. Cir. 2015); *see also* Mem. at 9-14. Moreover, the particular statements that CIS challenges in this action are wholly insulated from liability by the First Amendment because they are either nonactionable expressions of pure opinion or constitutionally protected statements of opinion based on disclosed facts. *See* Mem. at 15-19.

---

[1] Defendants' memorandum of law in support of their motion to dismiss under Rule 12(b)(6), dated Feb. 12, 2019, Dkt. No. 11, will be cited herein as "Mem. __."

**DRAFT SERVED ON PLAINTIFF PURSUANT TO FED. R. CIV. P. 11(C)(2)**

The controlling case law is so clear that CIS's claim is not merely meritless, but legally frivolous. *See generally* Mem.  Further, CIS filed its complaint with the stated aim of infringing on the First Amendment rights of a nonprofit organization that tracks hate groups:  The Complaint seeks an injunction prohibiting defendants (and, presumably, non-defendant SPLC) from characterizing CIS as a hate group in the future, and compelling a statement "that CIS is not a hate group." Compl. ¶ 33.  But "prior restraints" on political speech and orders compelling speakers to assert the views of others are both presumptively unconstitutional. *See, e.g.*, *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 562 (1976) (prior restraints are one of "the most serious and the least tolerable infringement on First Amendment rights"); *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 256-58 (1974) (rejecting as unconstitutional statutory requirement for newspapers to publish replies by candidates).  Although either ground alone would warrant Rule 11 sanctions, they are particularly necessary here where the Complaint is both legally frivolous and where it seeks to vindicate an improper purpose.

Because CIS has failed to withdraw its Complaint voluntarily within 21 days of service of a draft of this motion and supporting memorandum pursuant to Rule 11(c)(2), and for the reasons set forth below, this Court should order CIS to repay Defendants the reasonable attorneys' fees they have been forced to incur in this matter, and impose any other sanctions on CIS that the Court finds will deter similar conduct in the future.

## ARGUMENT[2]

Rule 11 provides that "[b]y presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

---

[2] For the relevant facts and procedural history of this matter, Defendants respectfully direct the Court to their Rule 12(b)(6) Memo, which is incorporated fully herein by reference.

reasonable under the circumstances . . . the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Courts "may impose an appropriate sanction on any attorney, law firm, or party that violated [this] rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). When a party moves for sanctions under Rule 11, and where it is "warranted for effective deterrence," a court may "direct[] payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

The current version of Rule 11 "includes a safe harbor provision, which requires that the motion first be served on the non-movant to allow that party to withdraw the challenged allegation or assertion." *Swanson v. Howard Univ.*, 249 F. Supp. 3d 259, 266 (D.D.C. 2017). As such, a motion for sanctions must be served on the party against whom sanctions are sought and cannot "be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). Here, Defendants served a copy of this motion and memorandum on CIS on February 21, 2019. Because CIS has not withdrawn its Complaint, this motion for sanctions is timely.

Rule 11 applies to every federal litigant in every civil action, and serves "to deter baseless filings" of all kinds. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). However, "Rule 11's deterrence value is *particularly* important" in the context of RICO claims like the one CIS has brought here, and courts thus "have on numerous occasions imposed Rule 11 sanctions based upon the filing of a frivolous RICO action." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996) (emphasis added), *aff'd*, 113 F.3d 1229 (2d Cir. 1997); *Barlow v. McLeod*, 666 F. Supp. 222, 230 (D.D.C. 1986) (noting "ample support for the imposition of

3

Rule 11 sanctions, and for their use in the context of frivolous RICO claims"), *aff'd*, 861 F.2d

303 (D.C. Cir. 1988); *see also Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 685

(5th Cir. 1989) ("Given the . . . proliferation of civil RICO claims and the potential for frivolous

suits in search of treble damages, greater responsibility will be placed on the bar to inquire into

the factual and legal bases of potential claims or defenses prior to bringing such suit or risk

sanctions for failing to do so." (citation omitted)); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44

(1st Cir. 1991) ("[I]n cases alleging civil RICO violations, particular care is required to balance

the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment

of defendants.").

In *Creed Taylor, Inc. v. CBS, Inc.*, the court observed a quarter-century ago that it was

"perilously close to violating Rule 11" for a plaintiff to attempt to construe alleged defamation as

wire fraud to assert a RICO claim.  718 F. Supp. 1171, 1180 (S.D.N.Y. 1989).  Whatever little

doubt may once have existed on that proposition, today it is indisputable that CIS's attempt to

dress up an infirm defamation claim as a RICO conspiracy amounts to sanctionable conduct.

**I.      CIS'S RICO CLAIM HAS NO BASIS IN LAW**

CIS claims that Defendants have conspired against it in violation of the RICO Act, 18

U.S.C. § 1961(d*).*  It is well-established that *s*uch a claim requires a showing that substantive

violations of the RICO Act have occurred – *i.e.*, there can be no RICO conspiracy without the

commission of a predicate offense defined by the RICO Act as "racketeering."  *Beck v. Prupis*,

529 U.S. 494, 505-06 (2000) (plaintiff must show injury from "an act that is independently

wrongful under RICO"); *see also Greenpeace, Inc. v. Dow Chem. Co.*, 808 F. Supp. 2d 262, 268

(D.D.C. 2011) ("'Racketeering activity' requires the commission of specified predicate criminal

acts that are defined by statute."); 18 U.S.C. § 1961(1) (listing criminal acts that constitute

racketeering activity).

The alleged "predicate act" here is SPLC's publication of articles and reports describing

CIS as an anti-immigrant "hate group." Compl. ¶¶ 19-20.  CIS contends that these statements

constitute wire fraud.  *Id.*  But wire fraud requires a showing of a scheme to defraud or obtain

"money or property by means of false or fraudulent pretenses."  *Id.* ¶ 20 (citing 18 U.S.C.

§ 1343).  CIS does not even attempt to make that showing.  Instead, CIS merely alleges that its

reputation was harmed and that it lost donations.  *Id.* ¶¶ 23-25.  Thus, CIS's allegations "are—at

best—thinly clothed defamation claims" rather than "predicate acts of . . . wire fraud."  *Kimm v.*

*Lee*, 2005 WL 89386, at *4 (S.D.N.Y. Jan. 13, 2005), *aff'd*, 196 F. App'x 14 (2d Cir. 2006).

The D.C. Circuit has expressly held that "defamation and conspiracy to defame . . . are

not predicate acts of racketeering under RICO."  *Hourani v*, 796 F.3d at 10 n.3.  Courts

nationwide have agreed universally on that point for more than 30 years and have held that

alleged acts of defamation—or defamation characterized as wire fraud—cannot support a civil

RICO claim as a matter of law.  *See* Mem. at 11-12 (collecting cases).

Even apart from its fundamental flaw in attempting to recast a defamation claim as a

RICO Act violation, the Complaint fails state a RICO Act claim for additional reasons as well,

by failing adequately to plead a "pattern" of activity, each defendant's participation in the

alleged RICO scheme, and direct harm and damages.  *See* Mem. at 13 n.4.  As this court has

recognized, in considering sanctions in such a case, "[e]ven the most casual and cursory research

shows that when a 'plaintiff alleges only a single scheme, a single injury, and few victims it is

'virtually impossible for plaintiffs to state a RICO claim'' for failure to meet the pattern of

racketeering requirement."  *Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 99 (D.D.C. 2016) (quoting

*W. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 634 (D.C. Cir. 2001) (citations

omitted)), *aff'd*, 707 F. App'x 717 (D.C. Cir. 2017), *cert. denied*, 139 S. Ct. 187 (2018).  Courts

have found such failures to satisfy the statutory requirements of a RICO claim to be sanctionable.

*Simpson v. Putnam Cty. Nat'l Bank of Carmel*, 112 F. Supp. 2d 284, 288 (S.D.N.Y. 2000) (citing

cases).

  Moreover, even if a civil RICO claim *could* arise out of statements that allegedly do no

more than injure a plaintiff's reputation, and even if the Complaint *did* adequately allege the

elements of a RICO claim—neither of which is true—the First Amendment would still protect

the particular statements at issue in this case.  The Complaint challenges SPLC's assertion that

CIS is an anti-immigrant hate group.  But this is, on its face, an expression of subjective "pure

opinion" shielded from liability by the First Amendment, *see* Mem. at 15-16, or, at most, a

constitutionally protected conclusion based on fully disclosed facts, *id.* at 16-19.

  In sum, CIS has asserted a facially meritless civil RICO claim that is itself no more than a

frivolous defamation case in disguise, and seeks the unconstitutional remedies of a prior restraint

on SPLC's speech and to compel political speech.  CIS's claim has no basis in law and should

never have been brought.  As relevant here, in light of Rule 11's safe harbor, it should have been

withdrawn by CIS when offered the chance.

## II. CIS SHOULD BE SANCTIONED UNDER RULE 11

  "Rule 11 sanctions are harsh punishment intended for those who frustrate judicial

proceedings.  But while the rule must be read in light of concerns that it will spawn satellite

litigation and chill vigorous advocacy, any interpretation must give effect to the rule's central

goal of deterrence."  *Carswell v. Air Line Pilots Ass'n, Int'l*, 248 F.R.D. 325, 328 (D.D.C. 2008)

(internal marks, citations, and alterations omitted).  "Hence, when the Rule 11 proceeding is

**DRAFT SERVED ON PLAINTIFF PURSUANT TO FED. R. CIV. P. 11(C)(2)**

commenced by motion filed by one of the parties, the courts have, without exception, held

counsel to an objective standard of reasonableness." *Id.* (internal marks and citation omitted).

This objective standard serves "to eliminate any 'empty-head pure-heart' justification for

patently frivolous arguments." Rule 11 Advisory Comm. Notes (1993 Amendments).

As shown above and in Defendants' Rule 12(b)(6) Memo, CIS's claim is frivolous on

multiple grounds. Publishing statements that allegedly cause reputational injury does not amount

to wire fraud; defamation claims cannot simply be pleaded as civil RICO counts; the RICO Act

pleading themselves are insufficient to state a claim all apart from the lack of predicate acts; and

the challenged characterization of CIS as an anti-immigrant hate group is a constitutionally

protected expression of "pure opinion" or a statement of opinion based on disclosed facts. Thus,

"[t]his case . . . offered no hope whatsoever of success," and "[b]y signing and filing a legally

frivolous complaint, [plaintiff's counsel] violated at least Rule 11(b)(2)." *Hollister v. Soetoro*,

258 F.R.D. 1, 5 (D.D.C. 2009), *aff'd*, 368 F. App'x 154 (D.C. Cir. 2010).

Courts have "virtually untrammeled discretion in fixing the amount of sanctions to be

imposed on the plaintiff and his counsel for their Rule 11 violations, provided that sanctions are

appropriate to the facts of the case." *Carswell*, 248 F.R.D. at 330 (internal marks and citation

omitted). For instance, the First Circuit has affirmed sanctions against plaintiff's counsel of

nearly $35,000 in attorneys' fees under Rule 11 where plaintiff's claim was "hopeless."

*McCarty v. Verizon New England, Inc.*, 674 F.3d 119, 124 (1st Cir. 2012). The Eighth Circuit

affirmed sanctions against plaintiffs' counsel of more than $66,000 – half of defendants'

attorneys' fees – where plaintiffs brought claims that "were clearly barred" by law. *Willhite v.

Collins*, 459 F.3d 866, 868-69 (8th Cir. 2006). And the Fifth Circuit has affirmed sanctions of

more than $100,000, "representing reasonable attorneys' fees," where plaintiff brought claims

that plainly were "frivolous." *Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 564-66 (5th Cir. 1990).

CIS should not have brought this action, and has now squandered the opportunity to withdraw its Complaint voluntarily.  The Court should impose sanctions pursuant to Rule 11, both to compensate the SPLC Defendants for the legal expenses incurred in its defense and to deter such conduct in the future.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their motion and enter an order directing CIS to pay Defendants' reasonable attorneys' fees in this matter, and imposing any further sanctions on CIS that the Court determines are proper.

Dated:  March __, 2019

Respectfully submitted,

BALLARD SPAHR LLP

**_____DRAFT_____**
Chad R. Bowman (D.C. Bar No. 484150)
Dana R. Green (D.C. Bar No. 1005174)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
greendana@ballardspahr.com

*Counsel for Defendants*

# Exhibit B

# FOSTER <u>PC</u>

FOSTER <u>PC</u>

150 North Wacker Drive
Suite 2150
Chicago, Illinois 60606

T  312-726-1600
F  866-470-5738
www.fosterpc.com

March 11, 2019

<u>**VIA EMAIL**</u>
Chad R. Bowman
Dana R. Green
1909 K Street, NW, 12th Floor
Washington, DC 20006
bowmanchad@ballardspahr.com
greendana@ballardspahr.com

Re: *Center For Immigration Studies v. Cohen et al, 1:19-cv-00087-ABJ, Rule 11 Motion*

Dear Counsel:

Now that the briefing on your Rule 12(b)(6) motion to dismiss is complete, I wanted to respond to your letter from February 21, 2019 regarding your possible Rule 11 motion in this matter.

We do not believe that there is a basis for a Rule 11 motion in this case. You have challenged the legal sufficiency of Plaintiff's RICO complaint based primarily on a First Amendment defense. As we discussed in our response brief, it is our position that the First Amendment is not defense for a number of reasons, including that the allegations describe a fraudulent statement presented as fact, there is no state actor, and/or because the claim is based upon wire fraud for business damages, not state defamation law for reputational harm.

Based on your reply, we have no doubt that you disagree with our position. Despite some of the language in your reply, however, we hope that you can at least appreciate that this is an unsettled area of law. To be sure, you have not cited any authority in which a RICO case was dismissed based on First Amendment grounds, let alone any case from the D.C. Circuit or District Court. Nor have you cited any case in which Rule 11 sanctions have been granted based upon a First Amendment defense to a RICO claim. And while we may, of course, disagree about how the Court should navigate the interplay between RICO and possible First Amendment issues, that disagreement is not a basis for Rule 11. As you know, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Rule 11 advisory committee notes.

1

# FOSTER <u>PC</u>

      Should you decide to file the Motion, we will respond appropriately with arguments raised in our response to the motion to dismiss, while also raising the points addressed in this letter, first and foremost.   And as I am sure you can appreciate, we also reserve the right to seek our costs and fees, under Rule 11(c)(2), should you file your Motion.  Rule 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."); *see also* committee notes ("…under the revision the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.").  Our hope is that you will choose not to file your Rule 11 draft motion and, instead, let the Court decide the Rule 12(b)(6) motion on the merits.

      If you should have any questions or wish to discuss the matter further, please feel free to contact me.

                    Sincerely,

                    Howard Foster

cc:
Julie Axelrod (via email)
Bob Blakey (via email)
Matt Galin (via email)

Exhibit C

# Ballard Spahr
#### LLP

– – – – – – – – – – – – – – – – – –

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Chad R. Bowman
Tel: 202.508.1120
Fax: 202.661.2299
bowmanchad@ballardspahr.com

Dana R. Green
Tel: 202.508.1108
Fax: 202.661.2299
greendana@ballardspahr.com

March 14, 2019

**<u>Via E-Mail</u>**

Howard W. Foster
FOSTER PC
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606
Email: hfoster@fosterpc.com

Re:     ***CENTER FOR IMMIGRATION STUDIES v. COHEN et al***
         Case No. 1:19-cv-00087-ABJ (D.D.C.)

Dear Mr. Foster:

We are in receipt of your correspondence in the referenced case dated March 11, 2019.  Please be advised that our view is that briefing on the motion to dismiss by the Southern Poverty Law Center (SPLC) has only underscored that there is no legal basis for the RICO claim in this action. SPLC therefore respectfully reserves the right to file a sanctions motion pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure if the Complaint is not timely withdrawn.

Regards,

Chad R. Bowman
Dana R. Green

cc:     G. Robert Blakey (Blakey.1@nd.edu)
         Julie B. Axelrod (jba@cis.org)
         Matthew Galin (mgalin@fosterpc.com)