# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:19–cv–00087–ABJ

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES v. COHEN et al | Date Filed: 01/16/2019 |
| Assigned to: Judge Amy Berman Jackson | Date Terminated: 09/16/2019 |
| Cause: 18:1964 Racketeering (RICO) Act | Jury Demand: Plaintiff |
| | Nature of Suit: 470 Racketeer/Corrupt Organization |
| | Jurisdiction: Federal Question |

**Plaintiff**

**CENTER FOR IMMIGRATION STUDIES**    represented by    **G. Robert Blakey**
LAW OFFICE OF G. ROBERT BLAKEY
7002 East San Miguel Avenue
Paradise Valley, AZ 85253
(574) 514–8220
Email: Blakey.1@nd.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie B. Axelrod**
CENTER FOR IMMIGRATION STUDIES
1629 K Street, NW
Suite 600
Washington, DC 20006
(703) 888–2442
Fax: (202) 466–8076
Email: jba@cis.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Howard W. Foster**
FOSTER PC
150 N. Wacker Drive
Suite 2150
Chicago, IL 60606
(312) 726–1600
Fax: (866) 470–5738
Email: hfoster@fosterpc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Galin**
FOSTER PC
150 N. Wacker Drive
Suite 2150
Chicago, IL 60606

(312) 726–1600
Fax: (866) 470–5738
Email: mgalin@fosterpc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**RICHARD COHEN**                    represented by    **Chad R. Bowman**
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC 20006
(202) 508–1120
Fax: (202) 661–2299
Email: bowmanchad@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dana R. Green**
THE NEW YORK TIMES COMPANY
620 8th Avenue
New York, NY 10018
(212) 556–5290
Fax: (212) 556–4634
Email: dana.green@nytimes.com
*TERMINATED: 04/08/2019*

**Defendant**

**HEIDI BEIRICH**                    represented by    **Chad R. Bowman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dana R. Green**
(See above for address)
*TERMINATED: 04/08/2019*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/16/2019 | 1 | | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 400 receipt number 0090–5888934) filed by CENTER FOR IMMIGRATION STUDIES. (Attachments: # 1 Civil Cover Sheet, # 2 Summons Richard Cohen, # 3 Summons Heidi Beirich)(Axelrod, Julie) (Entered: 01/16/2019) |
| 01/16/2019 | 2 | | ERRATA *Corrected Complaint* by CENTER FOR IMMIGRATION STUDIES. (Axelrod, Julie) (Entered: 01/16/2019) |
| 01/16/2019 | | | Case Assigned to Judge Amy Berman Jackson. (zef, ) (Entered: 01/16/2019) |

| 01/16/2019 | 3 | | SUMMONS (2) Issued Electronically as to HEIDI BEIRICH, RICHARD COHEN. (Attachments: # 1 Notice and Consent)(zef, ) (Entered: 01/16/2019) |
|---|---|---|---|
| 01/17/2019 | 4 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CENTER FOR IMMIGRATION STUDIES (Axelrod, Julie) (Entered: 01/17/2019) |
| 01/24/2019 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. HEIDI BEIRICH served on 1/22/2019, answer due 2/12/2019 (Axelrod, Julie) (Entered: 01/24/2019) |
| 01/24/2019 | 6 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RICHARD COHEN served on 1/22/2019, answer due 2/12/2019 (Axelrod, Julie) (Entered: 01/24/2019) |
| 02/01/2019 | 7 | | First MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Howard Foster, :Firm– Foster PC, :Address– 150 N. Wacker Drive. Phone No. – 312–726–1600. Fax No. – 866–470–5738 Filing fee $ 100, receipt number 0090–5923735. Fee Status: Fee Paid. by CENTER FOR IMMIGRATION STUDIES (Attachments: # 1 Declaration by Howard Foster)(Axelrod, Julie) (Entered: 02/01/2019) |
| 02/01/2019 | 8 | | First MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew Galin, :Firm– Foster PC, :Address– 150 N. Wacker Drive. Phone No. – 312–726–1600. Fax No. – 866–470–5738 Filing fee $ 100, receipt number 0090–5923749. Fee Status: Fee Paid. by CENTER FOR IMMIGRATION STUDIES (Attachments: # 1 Declaration by Matthew Galin)(Axelrod, Julie) (Entered: 02/01/2019) |
| 02/04/2019 | | | MINUTE ORDER granting 7 8 Motions for Leave of Howard Foster and Matthew Galin to Appear Pro Hac Vice only upon condition that the lawyers admitted, or at least one member of the lawyer's firm, undergo CM/ECF training, obtain a CM/ECF username and password, and agree to file papers electronically. No court papers will be mailed to any lawyer. Signed by Judge Amy Berman Jackson on 2/4/19. (DMK) (Entered: 02/04/2019) |
| 02/11/2019 | 12 | | NOTICE of Appearance by G. Robert Blakey on behalf of CENTER FOR IMMIGRATION STUDIES (jf) (Entered: 02/13/2019) |
| 02/12/2019 | 9 | | NOTICE of Appearance by Dana R. Green on behalf of HEIDI BEIRICH, RICHARD COHEN (Green, Dana) (Entered: 02/12/2019) |
| 02/12/2019 | 10 | | NOTICE of Appearance by Chad R. Bowman on behalf of HEIDI BEIRICH, RICHARD COHEN (Bowman, Chad) (Entered: 02/12/2019) |
| 02/12/2019 | 11 | | MOTION to Dismiss by HEIDI BEIRICH, RICHARD COHEN (Attachments: # 1 Text of Proposed Order)(Bowman, Chad) (Entered: 02/12/2019) |
| 02/26/2019 | 13 | | Memorandum in opposition to re 11 MOTION to Dismiss filed by CENTER FOR IMMIGRATION STUDIES. (Attachments: # 1 Text of Proposed Order)(Axelrod, Julie) (Entered: 02/26/2019) |
| 03/05/2019 | 14 | | REPLY to opposition to motion re 11 MOTION to Dismiss filed by HEIDI BEIRICH, RICHARD COHEN. (Bowman, Chad) (Entered: 03/05/2019) |
| 03/19/2019 | 15 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Sanctions by HEIDI BEIRICH, RICHARD COHEN (Attachments: # 1 Declaration of Chad R. Bowman with Exhibits A–C, # 2 Proposed Order)(Bowman, Chad) (Entered: 03/19/2019) |
| 03/20/2019 | | | MINUTE ORDER. The Court will defer any further briefing or consideration of defendants' motion for sanctions 15 while defendants' motion to dismiss 11 is pending. Plaintiff need not respond to the motion unless and until a schedule has been established by the Court. SO ORDERED. Signed by Judge Amy Berman Jackson on 3/20/2019. (lcabj2) (Entered: 03/20/2019) |
| 04/08/2019 | 16 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to HEIDI BEIRICH, RICHARD COHEN. Attorney Dana R. Green terminated. (Green, Dana) (Entered: 04/08/2019) |
| 09/13/2019 | 17 | | ORDER. Pursuant to Federal Rule of Civil Procedure 12, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED that defendants' motion to dismiss 11 is GRANTED. This is a final appealable order. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/13/2019. (lcabj2) (Entered: 09/13/2019) |
| 09/13/2019 | 18 | | MEMORANDUM OPINION. Signed by Judge Amy Berman Jackson on 9/13/2019. (lcabj2) (Entered: 09/13/2019) |
| 09/13/2019 | | | MINUTE ORDER denying 15 Motion for Sanctions. The Court did not find the complaint to be completely frivolous, although it found plaintiff's reliance on RICO to be misplaced in what was essentially a defamation case. The defense has not pointed to grounds to believe that the complaint was filed for any improper purpose, such as to harass or delay, or that the factual contentions were devoid of factual support, and therefore, in its discretion, the Court will decline to depart from the general rule that each party bear its own costs and deny the motion for sanctions. SO ORDERED. Signed by Judge Amy Berman Jackson on 9/13/2019. (lcabj2) (Entered: 09/13/2019) |
| 10/07/2019 | 19 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 18 Memorandum & Opinion, 17 Order on Motion to Dismiss, by CENTER FOR IMMIGRATION STUDIES. Filing fee $ 505, receipt number ADCDC–6426263. Fee Status: Fee Paid. Parties have been notified. (Foster, Howard) (Entered: 10/07/2019) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Center for Immigration Studies
_____
Plaintiff

vs.                    Civil Action No. 19-cv-87

Richard Cohen and Heidi Beinrich
_____
Defendant

# NOTICE OF APPEAL

Notice is hereby given this  7th  day of  October  , 20 19  , that

 Center for Immigration Studies

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the  13th  day of  September  , 20 19

in  favor of  defendants Cohen and Beinrich

against said  Center for Immigration Studies

Howard Foster
_____
Attorney or Pro Se Litigant

Foster PC
150 N. Wacker Dr. #2150
Chicago, IL 60606
312-726-1600

Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

Defense counsel are registered on ECF

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD COHEN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 19-0087 (ABJ) |

## MEMORANDUM OPINION

Plaintiff, the Center for Immigration Studies ("CIS"), brought this civil suit against defendants, Richard Cohen and Heidi Beirich, two individuals who operate the Southern Poverty Law Center ("SPLC"), alleging a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Compl. [Dkt. # 1]. Plaintiff alleges that defendants conspired to violate RICO when SPLC designated CIS a "hate group" in 2016. *Id.* ¶¶ 13, 28.

Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Defs.' Mot. to Dismiss [Dkt. # 11] ("Defs.' Mot."), and plaintiff opposed the motion. Pl.'s Opp. to Defs.' Mot. [Dkt. # 13] ("Pl.'s Opp."). Because plaintiff has not sufficiently alleged a predicate offense or a pattern of racketeering, the Court will grant defendants' motion to dismiss.

## BACKGROUND

The Center for Immigration Studies ("CIS") is a non-profit organization incorporated in Washington, D.C. Compl. ¶ 3. CIS's mission is "providing immigration policymakers, the academic community, news media, and concerned citizens with reliable information about the

social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. *Id*. ¶ 16.

The Southern Poverty Law Center ("SPLC") is a non-profit organization with its headquarters in Montgomery, Alabama. Compl. ¶ 7. The organization monitors and publishes investigative reports and expert analyses on groups that it identifies as extremist "hate groups." *Id*. ¶ 11. Defendant Heidi Beirich leads SPLC's Intelligence Project, which publishes a blog called "Hatewatch." *Id.* ¶ 8. Richard Cohen is the President of SPLC, and as plaintiff puts it, "collaborates with Beirich in designating hate groups." *Id.* ¶ 9.

Plaintiff alleges that Cohen and Beirich designated CIS to be a hate group in 2016, although they knew that CIS did not meet SPLC's definition for a hate group. Compl. ¶¶ 13, 18. SPLC's definition is "an organization that – based on its official statements or principles, the statements of its leaders, or its activities – has beliefs or practices that attack or malign an entire class of people, typically for their immutable characteristics." *Id.* ¶ 14. SPLC went on to publish thirteen blog posts on Hatewatch in which SPLC "reiterat[ed] that CIS was a hate group." *Id*. ¶ 19.

According to plaintiff, because being an immigrant is not an immutable characteristic, Compl. ¶ 15, and because the principles of CIS do not attack or malign an entire class of people, defendants' hate group designation constitutes the crime of wire fraud within the meaning of 18 U.S.C. § 1343 because the blog posts were transmitted on the internet. *Id.* ¶¶ 20, 28. Plaintiff asserts that defendants' goal was to "wreck" and "destroy" CIS financially. *Id.* ¶ 22.

Plaintiff asserts that it has suffered damages in the form of lost donations. In 2018, the AmazonSmile Program removed CIS from its list of non-profit organizations eligible for donations. Compl. ¶ 23. This has resulted in a loss of "at least $10,000 in donations to date and damages are ongoing." *Id.* ¶ 24. Plaintiff also asserts that Guidestar USA, Inc., a non-profit

watchdog, published SPLC's designation of CIS as a hate group on its website. *Id.* ¶ 25. CIS undertook an effort to remove the designation, and while GuideStar ultimately removed it, plaintiff maintains that this caused a "diversion of resources from CIS' mission and likely deterred contributions." *Id.*

On January 16, 2019, plaintiff filed a complaint in this court alleging defendants conspired to violate RICO when they falsely designated plaintiff as a hate group in furtherance of a scheme to destroy plaintiff. Compl. ¶¶ 28–31. Plaintiff seeks judgment against defendants for treble damages and "an injunction prohibiting defendants from again calling CIS a hate group and requiring defendants to state on the SPLC website that CIS is not a hate group, pursuant to 18 U.S.C. § 1964(a)." *Id.* ¶¶ 32–33.

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than

"labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

4

Defendants have made several arguments in support of their motion to dismiss: (1) plaintiff fails to allege a cognizable predicate offense under RICO; (2) plaintiff fails to allege a pattern of racketeering activity; (3) plaintiff fails to allege each defendant's participation in the scheme; (4) plaintiff fails to allege proximate causation between the predicate acts and the alleged harm; and (5) plaintiff's RICO claim is actually a defamation claim which is barred by the First Amendment, as is the injunctive relief plaintiffs seek. Defs.' Mot. at 9–19.

The Court finds that plaintiff has failed to allege the predicate offense and a pattern of racketeering necessary for a RICO claim. Thus, plaintiff's lawsuit fails and the Court need not address defendants' other arguments.

To state a claim for a RICO conspiracy, "the complaint must allege that (1) two or more people agreed to commit a subsection (c) offense, and (2) a defendant agreed to further that endeavor." *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 682 F.3d 1043, 1048 (D.C. Cir. 2012), citing *Salinas v. United States*, 522 U.S. 52, 65 (1997); *see* 18 U.S.C. § 1962(d). Subsection (c) provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). Congress enacted § 1962(c), and RICO generally, "to target . . . the exploitation and appropriation of legitimate business by corrupt individuals." *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 883 F.2d 132, 139 (D.C. Cir. 1989), *modified on other grounds,* 913 F.2d 948 (D.C. Cir. 1990), *cert. denied,* 501 U.S. 1222 (1991) (citation omitted). Section 1964(c) allows "[a]ny person injured in his business or property

by reason of a violation of section 1962" to bring a civil suit for treble damages, costs, and attorneys' fees. § 1964(c).

### I. Plaintiff has failed to allege a predicate offense.

Plaintiff's RICO claim is predicated upon alleged violations of the wire fraud statute, 18 U.S.C. § 1343, Compl. ¶¶ 20, 28, which is listed as a predicate offense under 18 U.S.C. 1961(1)(B). Section 1343 provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings … for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Wire fraud requires proof of (1) a scheme to defraud; and (2) the use of an interstate wire communication to further the scheme. *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1116 (D.C. Cir. 2009); *United States v. Maxwell*, 920 F.2d 1028, 1035 (D.C. Cir. 1990). "The crux of these requirements is that the wire fraud statute makes criminal only breaches of duty that are accompanied by a misrepresentation or non-disclosure that is intended or is contemplated to deprive the person to whom the duty is owed some legally significant benefit." *United States v. Lemire*, 720 F.2d 1327, 1335 (D.C. Cir. 1983), reaffirmed in *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997). False or partially false statements can be "actionable fraud if intentionally misleading as to facts," *Philip Morris*, 566 F.3d at 1128, and the fraud results in action that is "to the advantage of the misleader and the disadvantage of the misled." *Id.*, quoting *Emery v. Am. Gen. Fin., Inc.*, 71 F.3d 1343, 1348 (7th Cir. 1995).

"Inherent in any scheme to defraud is falsehood of some kind." *Manax v. McNamara*, 660 F. Supp. 657, 660 (W.D. Tex. 1987), *aff'd*, 842 F.2d 808 (5th Cir. 1988). While a "scheme to

defraud" encompasses the element of materiality of the falsehood, "[t]he common-law requirements of 'justifiable reliance' and 'damages,' . . . plainly have no place in the federal fraud statutes." *Neder v. United States*, 527 U.S. 1, 24–25 (1999); *see Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 650–661 (2008) ("[A] plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations."). Essential to the scheme to defraud is that "the defendant must have fraudulent intent at the time of the charged" wiring. *United States v. Coughlin*, 610 F.3d 89, 97–98 (D.C. Cir. 2010) (discussing mail fraud statute); *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000).

Defendants argue that plaintiff has failed to state a claim for wire fraud, and instead, it has alleged "garden-variety defamation." Defs.' Mot. at 10. They maintain that "merely pleading the word 'fraud' does not transform the public statements into fraud." Defs.' Reply in Supp. of Defs.' Mot. to Dismiss [Dkt. # 14] at 4. Plaintiff argues that this fraudulent statement is actionable because they have alleged a factual misrepresentation, and that they are not seeking to redress harm to its reputation. Pl.'s Opp. at 8–9.

Plaintiff maintains that defendants committed fraud when they did not adhere to SPLC's own internal definition when they categorized CIS as a hate group. Compl. ¶¶ 18, 21. SPLC's definition of "hate group" is: "an organization that – based on its official statements or principles, the statements of its leaders, or its activities – has beliefs or practices that attack or malign an entire class of people, typically for their immutable characteristics." *Id*. ¶ 14. Plaintiff alleges that: being an illegal immigrant is not an immutable characteristic, *id.* ¶ 15; CIS provides the public with information regarding immigration in the United States, including the "fiscal consequences of legal and illegal immigration," *id.* ¶ 16; CIS's motto is "pro immigrant, low immigration," *id.*; and to

7

the extent that CIS supports reductions in legal or illegal immigration, those views are consistent with bipartisan commissions. *Id.* ¶ 17. From this, plaintiff asserts that defendants knew or should have known that the designation did not satisfy the SPLC definition, and it concludes that the designation under those circumstances constituted a scheme to defraud with the intent to destroy CIS financially. *Id.* ¶¶ 18, 21, 22.

The Court agrees with defendants that plaintiffs have failed to state a claim for the crime of wire fraud, because plaintiff has failed to allege that any fraud occurred. Plaintiff's allegations do not lend support for its legal conclusion that defendants engaged in a "scheme to defraud." Significantly, the complaint is devoid of any allegation that defendants made a statement that was false. The upshot of the complaint is that defendants advanced a conclusion that was debatable, and that this expression of a flawed opinion harmed plaintiff's reputation.

First, defendants' designation does not concern a "fact" – whether or not SPLC adhered to its definition to designate CIS to be a hate group is an entirely subjective inquiry. Indeed, when SPLC designated CIS a hate group according to its own definition – and not some legal or government definition – it was announcing that, *in its view*, CIS is a hate group.[1] *See De Magno v. United States*, 636 F.2d 714, 720 n.9 (D.C. Cir. 1980) (where defendant qualified her statement with "it seemed to her," thus making clear that what she had to say was only an opinion, it did not constitute fraud). And, it is not even clear from the complaint whether defendants failed to adhere to their definition of a hate group since it could encompass a wide variety of views and behavior.

---

1       Defendants point out that allowing a RICO claim to stand based upon their hate group designation implicates First Amendment concerns. Defs.' Mot. at 15–19. Because the Court finds that plaintiff has failed to state a claim under RICO, it need not address defendants' First Amendment arguments.

Plaintiff asserts that being an immigrant is not an immutable characteristic, but the SPLC definition does not require the presence of an immutable characteristic.  Compl. ¶¶ 14–15.

Plaintiff argues that SPLC's definition is "objective and factual" and cites the district court opinion in *United States v. Philip Morris* for the contention that the designation is actionable.  Pl.'s Opp. at 9.  In that case, the court found that statements regarding the effects of cigarettes were factual enough to be actionable as wire fraud.  449 F. Supp. 2d 1, 853 (D.D.C. 2006), *aff'd in part, vacated on other grounds*, 566 F.3d 1095 (D.C. Cir. 2009).  The statements at issue concerned the hazards of smoking and the company's marketing policies:  company officials maintained that nicotine was not addictive; they denied that they marketed cigarettes to youths, and they marketed "low tar" cigarettes as safer than regular cigarettes, among others.  *Id.* at 852–53.  The court recognized that typically, "a statement of opinion cannot constitute fraud," *id.* at 853, citing *De Magno*, 636 F.2d at 720 n.9, but found that there was "overwhelming evidence" that defendants knew that their public statements were fraudulent, and that "where objective data is available to disprove a statement or demonstrate that it is misleading at the time it was made, a public statement of opinion by a company spokesperson can constitute actionable fraud."  *Id.*

The statements at issue here do not come close to those in *Philip Morris*.  They do not depend upon objective data or evidence, and there is no basis upon which to establish whether they were known to be false when made.  *See Marks v. City of Seattle*, No. C03-1701, 2003 WL 23024522 (W.D. Wash. Oct. 16, 2003) (finding failure to state a predicate act for a RICO claim where plaintiff, a city employee, pled that defendant aired a broadcast stating that she used city equipment for personal business, scheduled unnecessary overtime, and used the City rental cars for personal use, because the false statements pled were defamation or false light, and not "false statements in the sense of fraudulent misrepresentation"); *see also Mansmann v. Smith*, No. Civ.

9

A. 96-5768, 1997 WL 145009 (E.D. Pa. Mar. 21, 1997) (dismissing plaintiff's RICO claim for failure to state a predicate offense and noting that "it is not clear anything fraudulent is alleged; rather, plaintiffs appear to be listing a number of state law tort claims that Defendants allegedly accomplished by means of mail and wire services" where defendants allegedly made false statements discrediting plaintiff's business with the goal of injuring it).

Second, plaintiff has clearly tried to shoehorn a defamation claim into the RICO framework. But the D.C. Circuit has observed that a plaintiff "complaining about a defamatory statement cannot end-run the requirements for a defamation claim" by pleading it as a RICO violation. *See Teltschik v. Williams & Jensen, PLLC*, 748 F.3d 1285, 1288 (D.C. Cir. 2014). Other district courts have not looked favorably at attempts to do so. *See Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, 2015 WL 1242763, at *9 (D. Md. Mar. 17, 2015) (dismissing plaintiff's RICO claim for the additional reason that it "reflect[ed] more of an attempt to spin an alleged scheme to harm his reputation than it reflects a viable RICO claim"); *Ritchie v. Sempra Energy*, No. 10-cv-1513, 2013 WL 12171757 at *4 (S.D. Ca. Oct. 15, 2013) (finding that allegations of a smear campaign, through a website and press releases, containing false statements regarding market analysis, designed to injury the company's good will and lower its stock prices, did not state a predicate offense under RICO); *Kimm v. Lee*, No. 04 CIV. 5724 (HB), 2005 WL 89386, at *4 (S.D.N.Y. Jan. 13, 2005), *aff'd sub nom*. *Kimm v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14 (2d Cir. 2006) (dismissing plaintiff's RICO claim where plaintiff alleged false statements perpetrated to harm his reputation); *Manax v. McNamara*, 660 F. Supp. 657, 660 (W.D. Tex. 1987), *aff'd*, 842 F.2d 808 (5th Cir. 1988) (where defendant coordinated false and misleading press articles harmful to plaintiff, the scheme was not a fraud on tangible or intangible rights, but rather was damage to his reputation and thus could not be a predicate act under RICO). And, the

law is clear that defamation is not a predicate act under RICO. *Hourani v. Mirtchev*, 796 F.3d 1

(D.C. Cir. 2015). Thus, because plaintiff has failed to sufficiently allege wire fraud, plaintiff has

failed to state a predicate offense to sustain its RICO claim.[2]

    The Court's conclusion is consistent with the D.C. Circuit's admonition regarding RICO

claims premised on mail fraud or wire fraud in general:

> RICO claims premised on mail or wire fraud must be particularly
> scrutinized because of the relative ease with which a plaintiff may mold a
> RICO pattern from allegations that, upon closer scrutiny, do not support it
> . . . . This caution stems from the fact that "[i]t will be the unusual fraud
> that does not enlist the mails and wires in its service at least twice."

*W. Assocs. Ltd. P'ship, ex rel. Ave. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 637

(D.C. Cir. 2001), quoting *Al–Abood ex rel. Al–Abood v. El–Shamari*, 217 F.3d 225, 238 (4th Cir.

---

2    Defendants also argue that plaintiff has failed to state a claim for wire fraud because it has
not pled that defendants intended to obtain money or property through their scheme. Defs.' Mot.
at 10–11. Plaintiff argues that this is not a required element for wire fraud. The D.C. Circuit has
not ruled on this issue, and the circuit courts currently stand divided. Given the other flaws in the
complaint, the Court need not wade into the thicket. *Compare Monterey Plaza Hotel Ltd. P'ship
v. Local 483 of Hotel Employees & Rest. Employees Union*, 215 F.3d 923, 926–27 (9th Cir. 2000)
(stating that the wire fraud statute "explicitly require[s] an intent to obtain "money or property");
*United States v. Keller*, 14 F.3d 1051, 1056 (5th Cir. 1994) (The requisite intent to defraud exists
if the defendant acts "knowingly and with the specific intent to deceive, ordinarily for the purpose
of causing some financial loss to another or bringing about some financial gain to [himself].");
*United States v. Walters*, 997 F.2d 1219, 1227 (7th Cir. 1993) ("Both the 'scheme or artifice to
defraud' clause and the 'obtaining money or property' clause of § 1343 contemplate a transfer of
some kind . . . . A deprivation is a necessary but not a sufficient condition of mail fraud."); *United
States v. Baldinger*, 838 F.2d 176, 180 (6th Cir. 1988) (finding that the mail fraud statute, which
has virtually identical language to the wire fraud statute, "was intended by the Congress only to
reach schemes that have as their goal the transfer of something of economic value to the
defendant") (internal quotation marks omitted) *with Porcelli v. United States*, 404 F.3d 157, 162
(2d Cir. 2005) (finding that an element of mail fraud is that money or property be the object of the
scheme, so that the crime is complete when a deprivation occurs), citing *United States v. Hedaithy*,
392 F.3d 580, 602 n.21 (3d Cir. 2004) ("[A] mail fraud violation may be sufficiently found where
the defendant has merely deprived another of a property right."); *United States v. Welch*, 327 F.3d
1081, 1106 (10th Cir. 2003) ("Yet, the intent to defraud does not depend upon the intent to gain,
but rather, on the intent to deprive."); *United States v. Stockheimer*, 157 F.3d 1082, 1087–088 (7th
Cir. 1998) ("An intent to defraud does not turn on personal gain … all that matters is that [the
defendant] intended to inflict a loss.").

2000); *see id.* ("Although a RICO claim may be based only on predicate acts consisting exclusively of mail and wire fraud, scrutiny of such claims is necessary, and not inconsistent with the breadth of RICO.").

## II.    Plaintiff has not alleged a "pattern of racketeering activity."

Even if plaintiff stated a predicate offense, plaintiff's RICO claim fails because it has not alleged a "pattern of racketeering activity."   § 1962(c).   In order to establish a "pattern of racketeering activity" a plaintiff must allege "at least two acts of racketeering activity . . . within ten years."   18 U.S.C. § 1961(5).   And "in addition to the requisite number of predicate acts, the plaintiff must [also] show 'that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'"   *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1264 (D.C. Cir. 1995), quoting *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

In *Edmondson*, the D.C. Circuit outlined six factors that are relevant in determining the existence of a "pattern of racketeering."   48 F.3d at 1263.   These factors are: "the number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity." *Id.* at 1265, quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1411–13 (3d Cir. 1991). The six factors are not dispositive; rather, they serve as a guide, and courts are encouraged to evaluate cases using a "fact-specific approach" that is both "flexible" and "commonsensical."   *W. Assocs.*, 235 F.3d at 637.   In some cases, "some factors will weigh so strongly in one direction as to be dispositive."   *Edmondson*, 48 F.3d at 1265.

Applying this framework, the *Edmondson* Court rejected a real estate developer's RICO claim premised on allegations that a tenants' association illegally blocked the sale of building.   48

F.3d at 1265. The real estate developer accused the tenants' association of committing extortion, bribery, and perjury by "exploit[ing] [a] quiet-title action, holding the building sale hostage and thereby attempting to force [the developer] to pay them off." *Id.* at 1263–64. The D.C. Circuit affirmed the dismissal of the RICO claims because "the single scheme alleged – designed to frustrate one transaction and inflicting a single, discrete injury on a small number of victims – fail[ed] to meet RICO's requirement of a 'pattern of racketeering activity.'" *Id.* Notably, the Court held that when a plaintiff merely alleges a "single scheme, single injury, and few victims," it is "virtually impossible for plaintiffs to state a RICO claim." *Id.* at 1265. This is precisely the case here.

Plaintiff's complaint describes a single scheme: "to falsely designate CIS a hate group and destroy it." Compl. ¶ 28. Plaintiff alleges that more than one blog entry was posted to "carry out this conspiracy." *Id.* ¶ 19. But all of the actions described in the complaint involve a single alleged victim, and they were allegedly aimed at accomplishing a "single discrete goal": the demise of CIS. *Edmondson*, 48 F.3d at 1265. Moreover, plaintiff pleaded a discrete injury – loss of donations – suffered by the victim. *See* Compl. ¶¶ 23–25. There are only two alleged perpetrators here – defendants Beirich and Cohen. *Id.* ¶ 30. Finally, the alleged acts are all of the same kind – they all are blog posts labeling CIS as a hate group. *Id.* ¶ 19.

While plaintiff states in its complaint that the "attacks are ongoing and will continue," this prediction is not enough to support its legal conclusion that "they may constitute an open-ended pattern of racketeering required by 18 U.S.C. § 1961(5)." Compl. ¶ 28; *see Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Even if a future post repeats the same information, it will still not be in a furtherance of the sole scheme alleged.

It is true that the Supreme Court has stated that multiple schemes are not always necessary to demonstrate a pattern of racketeering. *H.J.*, 492 U.S. at 241 (finding that Congress did not intend that "continuity" be shown only by proof of multiple schemes, and that such an inflexible approach "appears nowhere in the language or legislative history of the Act"). But that does not mean that the *Edmondson* approach is not applicable in the appropriate case. In *W. Assocs.*, the D.C. Circuit acknowledged this statement in *H.J.*; it observed that *Edmonson* is "not to the contrary," and that "the number of schemes alleged remains a useful consideration." 235 F.3d at 634. And, the facts here do not support varying from *Edmonson*'s finding that a complaint alleging a single scheme, injury, and victim fails to state a claim under RICO.

Accordingly, in light of the *Edmonson* factors, the Court finds that plaintiff has failed to allege a "pattern of racketeering." *See W. Assocs.*, 235 F.3d at 634 (dismissing RICO claim where plaintiff alleged single scheme of fraudulent bookkeeping entries, resulting in single injury to single set of victims); *E. Savings Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 13 (D.D.C. 2014) (rejecting RICO claim because "plaintiff has only alleged that the defendants engaged in acts designed to" achieve a "single discrete goal": "obtain[ing] control of the Property from the plaintiff at a low price").

Because the Court finds that plaintiff failed to allege a substantive RICO violation under Section 1962(c), it has failed to plead a conspiracy to violate RICO under Section 1962(d). *See Papageorge*, 31 F. Supp. 3d at 12–13 (dismissing RICO conspiracy claim under § 1962(d) where plaintiff failed to plead a RICO violation under 18 U.S.C. § 1962(a)–(c)). Accordingly, plaintiff's complaint is dismissed.

## CONCLUSION

Because plaintiff has failed to plead a predicate offense and a pattern of racketeering activity, the Court will grant defendants' motion to dismiss the complaint.

A separate order will issue.

Amy B Jach

AMY BERMAN JACKSON
United States District Judge

DATE:  September 13, 2019

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES, )<br><br>Plaintiff, )<br><br>v. )<br><br>RICHARD COHEN, *et al.*, )<br><br>Defendants. ) | Civil Action No. 19-0087 (ABJ) |

## ORDER

Pursuant to Federal Rule of Civil Procedure 12, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that defendants' motion to dismiss [Dkt. # 11] is **GRANTED**. This is a final appealable order.

**SO ORDERED**.

_____

AMY BERMAN JACKSON
United States District Judge

DATE: September 13, 2019