# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-7122**                           **September Term, 2019**
FILED ON: April 24, 2020

CENTER FOR IMMIGRATION STUDIES,
        APPELLANT

v.

RICHARD COHEN AND HEIDI BEIRICH,
        APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00087)

---

Before: ROGERS and GRIFFITH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

### **J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be **AFFIRMED**.

The Center for Immigration Studies (CIS) claims that two employees of the Southern Poverty Law Center (SPLC), Richard Cohen and Heidi Beirich, falsely called CIS a "hate group" in a series of blog posts. Compl. ¶ 19, J.A. 8-9. CIS says that SPLC sought to "destroy CIS by ruining it financially," and that SPLC's false statements caused the organization to lose over $10,000 in donations. *Id.* ¶¶ 22-25, J.A. 9-10. CIS filed suit, alleging that SPLC's blog posts constituted wire fraud, *see* 18 U.S.C. § 1343, and that the posts were thus a "pattern of racketeering" under the Racketeer Influenced and Corrupt Organizations Act (RICO), *see id.* § 1962(d); Compl. ¶¶ 26-31, J.A. 10-11. The district court dismissed the complaint for two reasons. First, CIS failed to allege a "predicate [racketeering] offense" because the complaint "failed to state a claim for wire fraud." Mem. Op. at 6-7, J.A. 19-20. Second, CIS failed to allege a "pattern of racketeering activity." *Id.* at 12, J.A. 25.

We affirm on the district court's second ground. To state a claim under RICO, CIS must allege that SPLC engaged in a "pattern of racketeering activity." *W. Assocs., Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001). We've repeatedly said that it's "virtually impossible" to identify such a pattern by alleging a "single scheme, single injury, and few victims." *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995); *W. Assocs.*, 235 F.3d at 634; *E. Savings Bank, FSB v. Papageorge*, 629 F. App'x 1, 2 (D.C. Cir. 2015). Here, CIS concedes that it alleges only a "single scheme and a single victim." Reply Br. 20. And CIS's only alleged "injury" is its loss of charitable donations. This doesn't add up to a pattern of racketeering activity.

CIS offers two unpersuasive rejoinders. First, CIS claims that it suffered "multiple (and ongoing) injuries" because each "lost donation is a new and separate injury." *Id.* But CIS may not multiply its injuries by parsing them. *See W. Assocs.*, 235 F.3d at 635. Each lost donation flows from the same harm to CIS's reputation, so the alleged decrease in charitable contributions is a single injury. Second, CIS says that *Western Associates* and *Edmondson* "have no bearing" on this case. CIS Br. 16-17. As CIS notes, a pattern of racketeering activity "may be proved by establishing either a closed period of repeated conduct or a threat of future criminal activity." *W. Assocs.*, 235 F.3d at 633 (internal quotation marks omitted). CIS argues that *Western Associates* and *Edmondson* concerned *closed* patterns of racketeering, while this case involves allegations of *future* criminal activity. CIS Br. 15-17. But CIS does not allege that SPLC will engage in a separate "scheme," that SPLC will find other "victims," or that CIS will suffer a distinct future "injury." CIS says that SPLC's "attacks are ongoing and will continue," Compl. ¶ 28, J.A. 10, but that allegation only identifies a single scheme inflicting a single injury on a single victim. CIS thus fails to distinguish our prior cases.

Because CIS failed to allege a pattern of racketeering activity, it failed to state a claim. We express no view on the district court's holding that CIS failed to allege a predicate racketeering offense. Mem. Op. at 8-11, J.A. 21-24.

For the foregoing reasons, we affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

                **FOR THE COURT:**
                Mark J. Langer, Clerk

BY:  /s/
       Daniel J. Reidy
       Deputy Clerk